FILED '10 JUL 14 12:48 usdc-ore

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DEBORAH LEE RONDEAU,                    )
                                        )      09-6029-HO
                Plaintiff,              )      Case No. 09-0628-HO
                                        )
            v.                          )      ORDER
                                        )
MICHAEL J. ASTRUE                       )
Commissioner of the Social             )
Security Administration                )
                                        )
                Defendant.              )
                                        )

## Introduction

Plaintiff, Deborah Rondeau (plaintiff), brings this action
pursuant to 42 U.S.C. §405(g), and 1383(c)(3), seeking judicial
review of the Commissioner's November 21, 2008, final decision
which denied her application for benefits.

On March 30, 2005, plaintiff filed an application for

1 - ORDER

disability insurance benefits alleging that she was disabled,
beginning November 1, 2004, due to "[d]egenerative bone disease
back, left leg injuries, hep c, mental illness and stress, liver
issues." [Tr. 67-70; 77].   In a decision dated February 12,
2008, the Administrative Law Judge (ALJ), determined that
plaintiff is not disabled and therefore denied her application
for benefits.  [Tr.15-25].   The ALJ's decision became the
Commissioner's final decision when the Appeals Council denied
plaintiff's request for review.   [Tr.5-7].

Plaintiff requests this court's review of that decision,
contending that the ALJ erred by (1) failing to adequately
consider her complaints of pain before assessing her functional
limitations; and (2) failing to sustain his burden of showing
there is other work in the national economy that plaintiff can
perform.   [#7-p.2].   Plaintiff requests the Commissioner's
decision be set aside or alternatively remanded for correction of
the asserted errors.   [#7-p.12].

The defendant responds that the ALJ properly evaluated
plaintiff's credibility and that of her partner Edward Doane, and
therefore properly found plaintiff not disabled in his Step five
analysis. [#8-p.2].

## Discussion

A review court will disturb the denial of benefits only if
the decision contains legal error or is not supported by

substantial evidence.  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*    The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record even if the evidence is susceptible to more than one rational interpretation.  *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

    In this instance, the ALJ found that plaintiff had not engaged in substantial gainful activity since March 30, 2005. [Tr.17].  He found that plaintiff had the following severe impairments: degenerative disc disease T-12 compression fracture; asthma; status post-tibiofibular fracture with possible degenerative changes in the left knee and an element of fibrous union or non-union; history of myalgia; generalized anxiety disorder; Hepatitis C, with normal albumen history of headaches; and a history of methamphetamine, marijuana and alcohol use in remission. [Tr.17].

    However, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. [Tr. 19].  In so determining, the ALJ made specific findings regarding plaintiff's impairments which are supported by evidence in the record.  *Id.*  For example, he found no evidence of sensory or motor loss resulting from plaintiff's orthopedic impairments and noted that she was able to

3 - ORDER

ambulate effectively, do household chores, cook, drive, go
shopping and care for her son. *Id.* The ALJ also found that
plaintiff's severe anxiety limited her ability to perform complex
tasks and that plaintiff had moderate difficulties in social
functioning as well as in her concentration, persistence and
pace. *Id.*

Plaintiff submits that her testimony and that of her partner
regarding her limitations resulting from her pain were ignored by
the ALJ because he did not discuss her pain medications and their
alleged impact on her ability "to concentrate or even stay
awake". [#7-pp.8-10]. She also believes the ALJ "selectively
excised portions of the hearing record to make her appear more
functional that she is." [Tr. #7-p.8].

Generally, questions of credibility and resolution of
conflicts in the testimony are functions reserved for the ALJ.
*Sample v. Schweiker*, 694 F.2d 639, 750 (9ᵗʰ Cir. 1982). The ALJ
must provide clear and convincing reasons to reject a claimant's
subjective testimony, by specifically identifying the testimony
that lacks credibility as well as the evidence that undermines
the claimant's complaints. *Lester v. Chater,* 81 F.3d 821, 834
(9ᵗʰ Cir. 1995). Similarly, the ALJ may reject a third party's
testimony upon giving a reason germane to that witness. *Crane v.
Halala,* 76 F.3d 215, 254 (9ᵗʰ Cir 1996).

At her November 15, 2007 hearing, plaintiff testified to

4 - ORDER

suffering from "constant pain" due to her back and knee problems, as well as her myalgia and headaches. [Tr.275-95].

The ALJ in finding plaintiff "not entirely credible," noted that while the record demonstrated that plaintiff had some physical and mental limitations, the record did not support her testimony about the intensity, persistence and limiting effects of her alleged symptoms. [Tr. 21-22; 90; 162-64].  For example, the ALJ found that the evidence showed that plaintiff was not significantly limited in her ability to walk three to four blocks; drive during the day; care for herself, her son and her dogs; drive to her brother's place in Lakeside to make sure his children are off to school on a daily basis and despite needing some assistance to grocery shop, could do her household chores such as cooking and cleaning unassisted.  [Tr. 21-22; 162-63]. Similarly, the record shows that despite plaintiff's claims of agoraphobia [Tr, 289], she is able to regularly attend three different meetings in the community each week.  [Tr. 163]

Plaintiff also complains that the ALJ did not account for the side-effects of her pain medications however, she does not provide any evidence supporting her claims that side effects from her pain medications limit her ability to function. [see e.g., Tr. 121, 158, 245, 251-53].  Nor does the record provide support for those claims.  For example, in Dr. Wahl's opinion, the

5 - ORDER

medical marijuana that plaintiff smokes three times daily[1] for pain and anxiety control does not appear to cause plaintiff any related cognitive impairment.  [Tr. 164].  This evidence directly contrasts with the testimony of plaintiff's partner, Edward Doane, who testified that plaintiff had difficulty remembering things, that her pain interfered with her concentration and she was very anxious at home and even found it hard to talk to people on the telephone.  [Tr. 23; 306-12].

The ALJ found that plaintiff's statements regarding her symptoms were generally credible.  [Tr. 22].  However, noting the discrepancies between plaintiff's and Mr. Donane's testimony and the record before him, the ALJ decided that their testimony, to the extent that it was inconsistent with the record, was not entirely credible.  [Tr. 23].  Despite this finding, the ALJ did consider the combined effects of plaintiff's severe and non-severe impairments in determining her residual functional capacity (RFC).  [Tr. 23-24]

While pain testimony cannot be rejected solely because it is not corroborated by objective medical evidence, the medical evidence is still a relevant factor in the ALJ's determination of the debilitating effects of the plaintiff's claimed pain.  20

---

[1]    Plaintiff smokes a pack of cigarettes daily and smokes rather than ingests her medical marijuana despite having asthma severe enough to require prescription medication (albuterol) to control it.  [Tr.161].

C.F.R. §404.1529(c)(2).  Further, the Commissioner's decision may
be reversed only if it is not supported by substantial evidence
or is based in legal error.  *Tackett v. Apfel,* 180 F.3d 1094,
1097 (9th Cir.1999).  The court may not substitute its judgment
for that of the Commissioner and ALJ who are responsible for
determining credibility, resolving conflicts in medical evidence
and resolving ambiguities.  *Tackett,* 180 F.3d at 1097; see also
*Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995).

In this instance, I find that the ALJ enunciated clear
reasons supported in the record, sufficient to support his
findings that plaintiff had the RFC to perform sedentary work
activities within the limitations that he noted. [Tr. 20-23;
167].

Given that an ALJ must pose a hypothetical that is based on
medical assumptions which are supported by substantial evidence
in the record reflecting those limitations, I do not find error
in the ALJ's hypothetical posed to the VE or the resulting
conclusion that plaintiff can transfer her skills to sedentary
jobs that exist in significant numbers in the national economy.
*Roberts v. Halala,* 66 F.3d 179, 184 (9th Cir. 1995).

For the reasons detailed above I find the decision that
plaintiff was not disabled, is supported by substantial evidence
in the record.

7 - ORDER

## Conclusion

Based on the foregoing, the decision of the
Commissioner is affirmed.  This proceeding is dismissed.

IT IS SO ORDERED.

DATED this ___13th___ day of July, 2010.


_____
United States District Judge


8 - ORDER